Mr. Oren P. Wright 4111 Lochridge Rd. North Little Rock, AR 72216
Dear Mr. Wright:
You have asked for my opinion, pursuant to A.C.A. §25-19-105(c)(3)(B)(i),[1] regarding the release of certain records under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101—25-19-109 (Repl. 2002 and Supp. 2003)).
According to the correspondence you have submitted, the FOIA requester in this instance seeks a copy of your "personnel records . . . [s]pecifically the educational and professional background, including employment history and employment qualifications . . ." Letter from J. Besancon, Office of Chief Counsel, to J.L. Ophof (April 23, 2004). The custodian has replied, stating the view that "personnel records [are] open for public inspection with exceptions related to such items as social security numbers, home addresses and telephone numbers and performance records." Id.
RESPONSE:
Not having viewed the actual records, I cannot opine definitively concerning the release of any particular document(s). As a general matter, however, it is my opinion that records containing information reflecting employees' educational and professional experience and qualifications constitute "personnel records" that are open to public inspection and copying under the FOIA. This follows from this office's consistent view that resumes are not exempt from disclosure under A.C.A. § 25-19-105(b)(12), the applicable standard for the release of personnel records, which provides that such records are subject to disclosure except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Please note that I have enclosed a copy of Attorney General Opinion 2003-325, which details the basis for this conclusion, including a discussion of the so-called "balancing test" under § 25-19-105(b)(12).
Regarding the custodian's decision in this instance, it is my opinion that the custodian has correctly noted the existence of exceptions related to social security numbers (see Op. Att'y Gen. 2003-320), telephone numbers (Op. 2003-325, supra at n. 1), and home addresses (A.C.A. § 25-19-105(b)(13)). The "clearly unwarranted invasion of personal privacy" exception for personnel records must also be noted, although as stated above this exception will not apply so as to exempt educational and professional background information that is typically contained in employees' resumes. Similarly, reference should be made to A.C.A. § 25-19-105 (b) (2), which exempts "medical records, adoption records, and education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the provisions of that act." These exemptions may also come into play and must be considered by the custodian when addressing the disclosure of particular personnel records. Finally, with regard to "performance records," it must be noted that a separate test applies to the release of such records, which are denominated "employee evaluation or job performance records" under A.C.A. § 25-19-105(c)(1). It does not appear that the request in this instance involves such records; but as a general matter, "employee evaluation/job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
Id.
With these clarifications, it is my opinion that the custodian's determination regarding the release of personnel records is consistent with the FOIA.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
Attachment
[1] This Arkansas Code section directs me to opine whether the custodian's decision as to release of "employee evaluation/job performance records" or "personnel records" is consistent with the FOIA.